HEANEY, Circuit Judge,
dissenting.
For eight days, an Arkansas jury listened to the evidence presented by both parties. The case was submitted to the jury on instructions that were not objected to by the defendant. After deliberation, the jury returned verdicts in favor of the Wright family. The defendants then moved the district court for judgment notwithstanding the jury verdict for substantially the same reasons that are raised on this appeal. The district court judge, who had presided over the entire trial, denied the defendant’s motion. I believe the jury’s and the judge’s first-hand impression of the evidence should be sustained in this case. Therefore, I respectfully dissent.
It is undisputed that the Willamette plant emits minute wood fibers laced with formaldehyde. It is also undisputed that because Willamette failed to install equipment that would have significantly lowered the emissions, the levels of formaldehyde emitted from the plant exceeded levels permitted by industry and state standards.
The Wright family lives within three-quarters of a mile of the plant. There is uncon- *1109 tradicted evidence that emissions from the plant fell like “snow” on the Wrights’ property to the extent that overnight emissions could be seen on cars. Fibers from the plant were also found in the Wrights’ air conditioner. The Wright family was examined by physicians and significant levels of toxic emissions from the plant were found in their sputum and urine. The Wright family suffered from headaches, sore throats, watery eyes, runny noses, dizziness, and shortness of breath, which the treating physician testified were more probably than not related to their exposure to the plant emissions. This testimony was properly received.
Having heard all of the above evidence, the jury determined that the Wright family’s disabilities were a direct result of the constant exposure to the formaldehyde that was emitted from the Willamette plant. Clearly, the evidence presented was sufficient to sustain the verdict. We should not substitute our judgment for that of the jury.
The majority argues that the jury verdict must be set aside because no scientific studies were introduced to establish that formaldehyde-laced, minute fibers involve an appreciable risk of harm to humans who breathe them. There are at least two answers to this argument. First, there was abundant testimony that distinguished the effects on human health of dust and other nontoxic air pollutants from formaldehyde. The former being largely benign and the latter being harmful. Second, the State of Arkansas has made a determination that it is harmful to health to discharge formaldehyde minute particles and gases into the atmosphere. Of course, there must be testimony that the toxins found their way into the bodies of the humans, but there was more than sufficient evidence on this score.
I do not disagree with the majority’s statement that there must be evidence from which the jury could find that the Wrights were exposed to levels of formaldehyde that are known to cause the harm that the Wright family suffered. In fact, however, the required evidence was produced. The State of Arkansas has determined that no plant shall emit formaldehyde because such emissions are dangerous to the health of persons who ingest them. Willamette failed to install available equipment to control the discharge of this particulate matter in either the solid or gaseous form. The formaldehyde emissions found their way to the Wrights’ property. They were found in the family’s air conditioner, and more importantly, in the family’s sputum and urine. Competent medical testimony was presented that stated that it was more probable than not that their illness was caused by the formaldehyde. Thus, the circle was complete and proximate cause established. Dr. Peretti may or may not have been prodded to relate the Wrights’ illnesses to formaldehyde, but he did; and the jury could have rejected his testimony if it did not believe him.
Finally, the majority dehumanizes the issues in this case by stating that the focus on eases of this type is the transference of money. This fails to acknowledge the important human elements regarding the injuries at issue and the responsibility of Willamette to comply with properly established health and safely standards that can be met by installing state of the art equipment.
For all of the reasons stated above, I would affirm the district court and permit the jury verdict to stand.